UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                           Chapter 11

Mariner's Gate LLC,                                                    Case No. 25-12819 (PB)
                                              Debtor.              Re: ECF No. 36
--------------------------------------------------------x

**ORDER (I) APPROVING BID PROCEDURES RELATING TO THE PUBLIC
AUCTION SALE; AND (II) APPROVING PROCEDURES FOR THE ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Upon the motion dated February 11, 2026 (the "Motion")[1] [ECF. No. 36], filed by

Mariner's Gate, LLC (the "Debtor"), by and through its attorneys, Goldberg Weprin Finkel

Goldstein LLP, seeking entry of an Order pursuant to sections 363(b), (f) and (m), and 365(b), as

applicable,[2] of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules

2002, 6004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

seeking the following relief: (i) authorizing the Debtor to sell (the "Sale") the Debtor's commercial

loft building located at 548 West 28th Street, New York, NY (the "Building"), in accordance with

the bidding procedures as revised attached hereto as **Exhibit A** (the "Bid Procedures"), including,

without limitation, through soliciting higher and better offers at public auction (the "Auction"),

with the Sale to be free and clear of all liens, claims, and adverse interests, with the same to attach

to the net proceeds of the Sale in the same order, validity and priority as existed prior to the

Debtor's bankruptcy; (ii) authorizing as part of the sale pursuant to section 365 of the Bankruptcy

Code the assumption and assignment of certain selected unexpired leases at the Building and other

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the Bid Procedures, as applicable.

[2] Although 11 U.S.C. § 1123(a)(5) is inapplicable at this juncture, the Debtor reserves its rights to close the sale transaction pursuant to a confirmed plan of reorganization, with the transfer tax exemptions under 11 U.S.C. § 1146(a).

1

executory contracts, in each case pursuant to the procedures set forth herein; and (iii) approving

the attached Bid Procedures governing terms and conditions for submitting competing offers; and

the Motion having come on for a hearing before the Court on March 17, 2026; and after due and

proper notice thereof; and any objections to the Motion having been resolved or overruled; and it

appearing that the relief requested in the Motion is appropriate, fair and reasonable; it is hereby

**ORDERED** that the Motion is granted to the extent set forth herein and the Bid Procedures

attached hereto as **Exhibit A** are approved; and it is further

**ORDERED** that the Debtor is authorized to sell all of its right, title and interest in and to

the Building in accordance with the Bid Procedures free and clear of all liens, claims, and adverse

interests pursuant to sections 363(b) and (f) of the Bankruptcy Code, including, without limitation,

through the Auction to be conducted as provided in the Bid Procedures with bids due no later than

**April 10, 2026** ("Bid Deadline"); and it is further

**ORDERED,** that counsel for the Debtor shall conduct an Auction on **April 15, 2026**,

unless the Debtor cancels such Auction in accordance with the Bid Procedures; and it is further

**ORDERED,** that the Court shall hold a hearing (the "Sale Hearing") on **April 27, 2026,**

**at 2:00 p.m.** before the Honorable Philip Bentley, at the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, Courtroom 601, New York, NY 10004 via

Zoom for Government, to approve the Sale of the Building, including the assumption and

assignment of certain select unexpired leases at the Building and other executory contracts to the

Successful Bidder, as defined in the Bid Procedures, as set forth on the Cure Notice (as defined

below); and it is further

**ORDERED,** that the deadline for service of the Cure Notice shall be **March 19, 2026**

(the "Cure Notice Service Deadline"), by which the Debtor shall file with the Court and serve via

first class mail, electronic mail, or overnight delivery on all contract counterparties (collectively, the "Contract Counterparties," and each, a "Contract Counterparty") a Notice of these Assumption and Assignment Procedures (the "Cure Notice"), listing the potential leases and other executory contracts that may be assumed and assigned to the Successful Bidder; *provided*, that service of the Cure Notice is not a guarantee that such contracts and leases will ultimately be assumed and assigned to the Successful Bidder;

**ORDERED**, that the Cure Notice shall: (i) contain a list of the unexpired leases and executory contracts that will be assumed and assigned in connection with the Sale; (ii) include the Debtor's good faith estimate of the proposed amount necessary to cure all monetary defaults under each commercial lease or executory contract, as applicable (the "Cure Costs"); and (iii) establish **April 8, 2026** (the "Cure Objection Deadline") as the date by which any Contract Counterparty must file an objection to the proposed assumption, assignment, and/or cure, and the procedures relating thereto (the "Cure Objection"); *provided*, that service of the Cure Notice does not constitute an admission that any contract listed thereon is an executory contract or that such stated Cure Costs constitute a claim against the Debtor or a right against the Successful Bidder; and it is further

**ORDERED**, that to the extent the Debtor, at any time after the Cure Notice Service Deadline, (i) identifies additional executory contracts and unexpired leases that may be assumed and assigned to the Successful Bidder, (ii) removes any executory contracts and unexpired leases from the Cure Notice, and/or (iii) modifies the previously stated Cure Costs associated with any contract, the Debtor shall promptly file with this Court and serve via first class mail, electronic mail, or overnight delivery on the affected Contract Counterparties a supplemental cure notice (a "Supplemental Cure Notice").  Each Supplemental Cure Notice shall contain the same information

3

with respect to the listed contracts as was included in the original Cure Notice.  The Successful

Bidder may designate additional contracts to be assumed and assigned up to five (5) business days

prior to closing, subject in all cases to the terms of the applicable asset purchase agreement; and it

is further

**ORDERED,** that if there are no Cure Objections, or if a Contract Counterparty does not

file a Cure Objection in accordance with the requirements set forth herein, and absent a subsequent

order of the Court, (i) the Cure Costs, if any, set forth in the Cure Notice as applicable shall be

controlling, and (ii) the Contract Counterparty will be deemed to have consented to the assumption

and assignment of the Contract to the Successful Bidder and the Cure Costs, if any, and will be

forever barred from objecting thereto; and it is further

**ORDERED**, that no executory contract or unexpired lease shall be deemed assumed and

assigned pursuant to section 365 of the Bankruptcy Code until the later of (i) the date the Court

has entered an order assuming and assigning such contract or lease or (ii) the date the sale of the

Building has closed; and it is further

**ORDERED**, that Contract Counterparties shall have until **April 22, 2026**, which is three

business (3) days prior to the date of the Sale Hearing to file any supplemental objections solely

relating to (i) the conduct of the Auction (if held), (ii) the selection and identity of the Successful

Bidder and the terms of the Successful Bid, or (iii) the adequate assurance of future performance

under any executory contracts or unexpired leases assumed and assigned to the Successful Bidder.

All other objections must be filed by the Cure Objection Deadline; and it is further

**ORDERED**, that the Successful Bidder and the Debtor shall provide a method, which may

include requiring Contract Counterparties to enter into a confidentiality agreement, to access or

obtain relevant financial information relating to the Successful Bidder solely as necessary to

4

provide adequate assurance of future performance in satisfaction of the requirements under section 365(f)(2)(B) of the Bankruptcy Code;

**ORDERED,** that the Debtor is hereby authorized and empowered to take all steps necessary to implement the Auction of the Building to the highest and/or best bidder consistent with the Bid Procedures; and it is further

**ORDERED**, that to the extent of any conflict between this Order and the Bid Procedures, the terms and conditions of the Bid Procedures shall govern and control; and it is further

**ORDERED,** that the Debtor shall serve this Order not later than five (5) business days after date of entry hereof upon (i) all known creditors of the Debtor; (ii) all entities or parties claiming a lien, mortgage or security interest in the Building; (iii) the Office of the Corporation Counsel of the City of New York and the Office of the New York State Attorney General; (iv) all parties filing a notice of appearance in this bankruptcy case; and (v) the United States Trustee; and it is further

**ORDERED**, that the Bankruptcy Court shall retain exclusive jurisdiction over all disputes arising under or in connection with the Sale, this Order, the Bid Procedures and assumption and assignment procedures.

Dated: New York, NY
March 18, 2026

    /s/ Philip Bentley
Hon. Philip Bentley
UNITED STATES BANKRUPTCY JUDGE