# GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
### ATTORNEYS AT LAW

ANDREW W. ALBSTEIN*
STEVEN R. UFFNER
KEVIN J. NASH
IRIS A. ALBSTEIN
DOUGLAS TAUS
ROBERT W. LO SCHIAVO*
ELIZABETH SMITH* †
KATHARINE M. FINCH◊
MATTHEW E. HEARLE
AUBREY E. RICCARDI
ANTHONY J. SCHLUR
DANIEL J. SLATZ
STEWART A. WOLF*
YAN LAURENCY
ERIK ZARATIN◊
NEIL I. ALBSTEIN*
ELLIOT FINK
ERICA D. VITANZA*
JARED STEINBERG♦
M. BRIAN CRONK
—————

J. TED DONOVAN
BRIAN W. KEMPER
STEVEN J. FERGUSON
SERGIO J. TUERO*
JAY E. SIMENS
ANDREW C. ST. CYR
SAMUEL KATZ
KELLY A. MOLLOY
ASHLEY M. KOENEN
AMY M. SCOTTO
BENJAMIN P. VANDERHYDEN
JONATHAN D. CASTELLANOS
MARK A. DOUGLAS

**125 PARK AVENUE**
**12TH FLOOR**
**NEW YORK, NY 10017**
**(212) 221-5700**
**TELECOPIER (212) 730-4518**
—————

BARRY E. ZWEIGBAUM
BENJAMIN C. KIRSCHENBAUM
ROBERT KANDEL
ROBERT F. LINER
(OF COUNSEL)
—————

EMANUEL GOLDBERG (1904 - 1988)
JACK WEPRIN (1930 - 1996)
BENJAMIN FINKEL (1905 - 1986)
HARVEY GOLDSTEIN (1930 – 2025)
—————

\*   ALSO MEMBER OF NEW JERSEY BAR
†   ALSO MEMBER OF MASSACHUSETTS BAR
◊   ALSO MEMBER OF CONNECTICUT BAR
°   ALSO MEMBER OF CALIFORNIA BAR
♦   ALSO MEMBER OF OHIO AND PENNSYLVANIA BARS

April 1, 2026

*Via ECF Filing*
Hon. Philip Bentley
U.S. Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

Re:    Mariner's Gate LLC
       Case No. 25-12819 (PB)
       Request for an In Person Conference

Dear Judge Bentley:

We are writing on behalf of the debtor, Mariner's Gate LLC (the "Debtor") and with the input of the broker, James Nelson of Avison Young, and the second largest secured creditor, W Financial REIT Ltd.  The purpose of this letter is to respectfully request a conference early next week at the Court's convenience to consider extending the auction schedule to provide additional time to better flesh out third party bids.  The current timeframe provides for an bid deadline of April 10 and an auction on April 15.  In retrospect, and after hearing from Mr. Nelson, we believe that the current timeline does not provide potential buyers with sufficient time to evaluate the building and consider an appropriate bid.

While Mr. Nelson has been engaged in the process even before we last appeared in Court on March 17, 2026, Mr. Nelson has advised that it is important to note that from approximately December 16, 2025, when the letter of exclusivity  was signed with the proposed stalking horse, East Capital, until Feb 27, 2026 when East Capital terminated the contract, the Debtor was subject to an exclusivity provision and could not resume marketing the Property until February 28, 2026.

The terms of Mr. Nelson's retention going forward were just finalized last night with JPMorgan Chase Bank ("Chase").  We previously circulated a proposed retention order to the U.S. Trustee and the leading creditors for their review, and we will be sending around a revised retention order for filing tomorrow after Mr. Nelson completes his company-wide conflicts search.

Mr. Nelson has scheduled advertisements in the New York Times and Wall Street Journal for tomorrow, April 2, and for the following Thursday, April 9, which is just one day before the current bid deadline.  To give the newspapers advertisements their best chance to draw out bids, the April 10 deadline appears too tight.  Mr. Nelson recommends extending the period for another thirty days to solicit bids until on or about May 15, 2026.

I also note that the current timeline overlaps with the holiday week during which many people are engaged in religious activities.  The intervening holidays also warrant consideration of an adjustment in the schedule.

While we understand Chase's desire to proceed promptly with a sale, all parties should be committed to maximizing a sale price, which we believe would be enhanced by an extension of the schedule.  I have attempted to obtain Chase's consent to adjust the schedule without success, and thus I am requesting a conference with the Court.  I also believe the conference should be in person so the Court can hear directly from the broker and other interested parties.

In the interim, we will continue with the current schedule for filing a liquidating plan and proposed disclosure statement.  I intend to ask at the conference that the Court consider setting up a schedule for preliminary approval of the disclosure statement subject to final approval at the confirmation hearing.  The proposed plan and disclosure statement have been updated and revised on several occasion after fielding a series of comments received from Chase.  The final versions should be ready for filing tomorrow with an appropriate scheduling order.

Finally, it is my understanding that Chase itself prefers receiving a cash payment on its secured claim, as opposed to making a credit bid.  Thus, an adjustment in the schedule will also enhance Chase's opportunity to receive a monetary recovery.  In  fact, the Debtor now fears that it will lose out on the potential to recover millions of dollars in unrealized sale proceeds unless there is an expansion of the bid deadline for thirty days.

I thank the Court for its consideration of this request for a conference.

Respectfully yours,

/s/ Kevin J. Nash

cc: All counsel via ECF filing