**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
In re                                    :     Chapter 11
                                         :
MARINER'S GATE, LLC                      :     Case No. 25-12819 (PB)
                                         :
                    Debtor.              :
-------------------------------------------------------------x
```

## STIPULATION

This Stipulation (the "Stipulation") is dated this 24th day of February, 2026 between Mariner's Gate, LLC (the "Debtor") and Hudson Guild Temp Space LLC ("Hudson Guild"). Collectively, the Debtor and Hudson Guild are referred to herein as the "Parties," or each a "Party". In consideration of the respective promises, representations, warranties, and acknowledgments set forth below, the Parties agree as follows:

## Recitals

WHEREAS, on December 16, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") commencing the above-referenced chapter 11 case (the "Case");

WHEREAS, Hudson Guild is party to a certain Lease Agreement dated February 4, 2025, between the Debtor and Hudson Guild (the "Lease") for the lease of certain space (the "Demised Premises") within the Debtor's building located at 547 West 27th Street and 548 West 28th Street, New York, New York (the "Building");

WHEREAS, various violations are pending against the Building preventing issuance of temporary certificates of occupancy for the Building and Demised Premises;

WHEREAS, on January 30, 2026, JP Morgan Chase Bank, N.A. ("Chase"), one of Debtor's lenders, filed a *Motion to Appoint Chapter 11 Trustee or, Alternatively, Convert the Chapter 11 Case to Chapter 7* [ECF Dkt. No. 17]  (the "Chase Motion");

WHEREAS, on February 4, 2026, Hudson Guild filed its Partial Joinder to the Chase Motion [ECF Dkt. No. 25] (the "Joinder")[1];

WHEREAS, on February 9, 2026, the Court continued the hearing on the Chase Motion and Joinder to March 17, 2026 at 10:30 a.m. (the "Trustee Hearing") and subsequently entered an Order authorizing interim use of cash collateral; and

---

[1] At the request of Chambers, Hudson Guild re-filed its Joinder on February 5, 2026. *See* ECF Dkt. No 32.

WHEREAS, the Parties now desire to resolve certain disputes arising out of or related to the Joinder and pending violations, as set forth herein.[2]

## Agreement

**NOW THEREFORE**, relying specifically on the foregoing recitals and for good and valuable consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby stipulate and agree as follows pursuant to 11 U.S.C. §363 of the Bankruptcy Code:

1. Recitals Incorporated.  The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Stipulation.

2. Compliance Actions. The Debtor shall diligently and in good faith, with reasonable cooperation of Hudson Guild, take all actions necessary or appropriate, to (i) clear all pending violations affecting the Building, including without limitation those violations listed on Exhibit A annexed hereto (except to the extent not necessary to allow Hudson Guild to obtain a temporary certificate of occupancy and identified by Debtor in advance in writing), (ii) obtain all required Department of Buildings inspections, (iii) obtain and renew all temporary certificates of occupancy for the Building, and (iv) obtain a permanent certificate of occupancy, in each case as necessary to permit Hudson Guild to complete its work and take possession of the Demised Premises for its intended purpose.

3. Use of Rents. To the extent any amounts required to satisfy the foregoing obligations are not included in the then-applicable cash collateral budget approved by Chase, the Debtor shall within a reasonable time seek the consent of Chase to the Debtor's use of rents for payment of any such amounts and move before the Court if Chase refuses.

4. Reporting. The Debtor, together with its counsel, project architect, retained contractor or expediter, and principal Mr. Pastreich, shall meet and confer with Hudson Guild and its counsel upon request and not less frequently than weekly regarding the status of the Debtor's obligations set forth herein and shall contemporaneously provide copies of all applications, approvals, inspection results, correspondence, and other documentation evidencing the same. The Debtor and Hudson Guild shall each have a representative on site at the Building not less than biweekly (once every other week).

5. Deadlines. The Debtor shall obtain a temporary certificate of occupancy for the Building as soon as practical but prior to the time to close on the sale of the Building, currently scheduled for on or before March 31, 2026 (the "TCO Deadline"). The Debtor shall not permit any violations to interfere with maintaining the temporary certificates of occupancy for the Building or the Demised Premises (the "TCOs"). The Debtor shall use all reasonable

---

[2] This stipulation is without prejudice to the Parties' claims and defenses regarding whether Hudson Guild's obligation to pay rent under the Lease has been triggered, which claims and defenses are beyond the scope of this Stipulation and are expressly preserved.

effort to obtain a permanent certificate of occupancy both before and after the closing of a Sale (defined below).

6. <u>Estoppel Certificate</u>. Upon issuance of the TCOs, provided Debtor has delivered access to the Demised Premises to Hudson Guild, Hudson Guild shall issue such estoppel certificate reasonably requested by Debtor and purchaser as necessary to consummate a sale of the Building approved by the Court (a "<u>Sale</u>"), which Sale shall include assumption of the Lease and the Debtor's obligations under this Stipulation by the purchaser upon closing of the Sale.

7. <u>Security Deposit Segregation</u>. Not later than **March 4, 2026**, the Debtor's principal Mr. Pastreich shall contribute, and the Debtor shall hold in trust for Hudson Guild, the amount of $300,000.00, which shall constitute Hudson Guild's security deposit under the Lease, in a segregated interest-bearing account maintained solely for such purpose (the "<u>Security Deposit</u>"). The Security Deposit shall not be property of the Debtor's estate or subject to any lender's lien; provided that if Hudson Guild shall default under the terms of the Lease and pursuant to the terms of the Lease Debtor is entitled to retain the Security Deposit, the Security Deposit will thereafter be property of the Debtor and subject to any lender's lien on the Debtor's property.

8. <u>Remedies upon Default</u>.

   (a) Upon breach of any of the obligations of any Party hereunder, and failure to cure the same within three (3) days' written notice thereof from the non-breaching Party (which may be by email through counsel), such non-breaching Party may seek immediate relief from the Court to enforce the terms of this Stipulation and seek any related relief.

   (b) Without limiting the foregoing, in the event of a breach of any of its obligations hereunder by the Debtor and failure to cure the same within three (3) days' written notice thereof from Hudson Guild (which may be by email through counsel), (i) Hudson Guild may move to reschedule the Trustee Hearing; and (ii) upon closing of a Sale, the Debtor shall place in escrow with Debtor's counsel a portion of the proceeds of the Sale, in excess of all amounts necessary to satisfy the allowed secured claims of Chase and W Financial REIT, Ltd., in an amount of $186,000 for purposes of satisfying the Debtor's obligations to Hudson Guild under subsection (c) below, if applicable (the "<u>Escrow</u>").

   (c) Notwithstanding anything to the contrary contained herein or in the Lease, in the event that the temporary certificate of occupancy for the Building is not obtained by the TCO Deadline, then, without the necessity of further notice or demand, Hudson Guild shall be entitled to a credit of $100,000 per month for each month (or prorated amount for any shorter period) between the TCO Deadline and the date upon which such temporary certificate of occupancy is issued. Such credit shall be refunded to Hudson Guild from the Security Deposit and, subject to the prior satisfaction in full of Chase's allowed senior secured claim against the Debtor, the  Escrow, or credited

against future rent obligations, if any, at Hudson Guild's election. The foregoing remedy shall be in addition to, and not in limitation of, any other rights or remedies available to Hudson Guild under this Stipulation, the Lease, or applicable law.

9. <u>Bankruptcy Court Approval Required</u>. This Stipulation among the Parties is subject in all respects to approval by final order of the Bankruptcy Court (the "<u>Approval Order</u>"). The Debtor shall file a motion seeking an Approval Order within five (5) days of the execution of this Stipulation by all Parties.

10. <u>Choice of Law and Jurisdiction.</u> This Stipulation shall be construed, and the rights and labilities of the Parties hereto shall be determined, in accordance with the laws of the State of New York and applicable Federal law. The Parties hereby consent to the resolution of any and all disputes arising under, in connection with or relating to this Stipulation, and any claims or actions based upon this Stipulation, by and under the exclusive jurisdiction of the Bankruptcy Court as long as the Case is open.

11. <u>No Waiver.</u> No failure or delay by either Party in exercising any right, power, or privilege under the Lease or this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

12. <u>Severability.</u> The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which Stipulation shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

13. <u>Entire Stipulation.</u> This Stipulation constitutes the entire agreement between the Parties and supersedes all prior and contemporaneous agreements, negotiations and discussions between the Parties hereto and/or their respective counsel with respect to the subject matters evidenced by this Stipulation. Any amendment to this Stipulation must be in writing and signed by each of the Parties hereto and must expressly state that it is the intention of each of the Parties hereto to amend the Stipulation. It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Stipulation be construed as an integrated document.

14. <u>Successors and Permitted Assigns.</u> This Stipulation may not be assigned by any Party without the prior written consent of the other Party. This Stipulation shall be binding upon each Party and its successors and permitted assigns, including any trustee in bankruptcy, in the Case or any successor Case.

15. <u>Reservation of Rights.</u> Neither this Stipulation nor the Parties performance of their obligations hereunder shall be deemed as an admission by Hudson Guild of the occurrence of the Commencement Date (as defined in the Lease) or the obligation to pay rent under the Lease nor a waiver of any right or remedy under the Lease or at law or in equity, all of which rights and remedies are expressly reserved.

16. <u>Representations of Authority.</u> The persons signing below each represent and warrant that he/she has the authority to enter into this Stipulation on behalf of the Party on whose behalf

4

he/she so signs.

17. Costs.  Each party to this Stipulation shall bear its own attorneys' fees and costs incurred in connection with this Stipulation.

18. Counterparts.  This Stipulation may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single agreement. Execution by a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the Party so signing. A facsimile or scan (by PDF or other format) evidencing signature on this Stipulation shall be deemed to be an original signature for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed as of the date set forth below.

| | |
|---|---|
| Dated:   New York, New York<br>February 24, 2026 | Dated:   New York, New York<br>February 24, 2026 |
| **GOLDBERG WEPRIN FINKEL**<br>**GOLDESTEIN LLP** | **KLESTADT WINTERS JURELLER**<br>**SOUTHARD & STEVENS, LLP** |
| By:  _/s/ Kevin Nash_<br>Kevin Nash<br>J. Ted Donovan<br>125 Park Ave., 12th Fl.<br>New York, New York 10017<br>Tel: (212) 221-5700 | By:  _/s/ Stephanie Sweeney_<br>Stephanie Sweeney<br>Christopher Reilly<br>200 West 41st Street, 17th Floor<br>New York, New York 10036-7203<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245 |
| Email: knash@gwfglaw.com<br>        tdonovan@gwfglaw.com | Email: ssweeney@klestadt.com<br>        creilly@klestadt.com |
| _Attorneys for Debtor_ | _Attorneys for Hudson Guild Temp Space LLC_ |

**Acknowledged and Agreed To**
**As to Paragraph 7 ("Security Deposit Segregation"):**

 _/s/ James Y.A. Pastreich_
James Y.A. Pastreich, individually