UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:                                                                    Chapter 11

Mariner's Gate LLC,                                         Case No. 25-12819-PB

                                              Debtor.          Re: ECF No. 99; 101

------------------------------------------------------------------x

**ORDER (I) CONDITIONALLY APPROVING THE DEBTOR'S AMENDED
DISCLOSURE STATEMENT;
(II) SCHEDULING A COMBINED HEARING TO CONSIDER FINAL APPROVAL OF
THE DEBTOR'S AMENDED DISCLOSURE STATEMENT AND CONFIRMATION OF
THE DEBTOR'S AMENDED PLAN OF REORGANIZATION; AND
(III) SHORTENING NOTICE TO CONDUCT CONFIRMATION HEARING**

Upon the motion dated April 14, 2026 [ECF No. 99] (the "April 14 Motion") of Mariner's

Gate LLC (the "Debtor") seeking a combined hearing (the "Combined Hearing") to consider final

approval of the Debtor's Amended Disclosure Statement [ECF No. 98] (the "Disclosure

Statement") and confirmation of the Debtor's Amended Plan of Reorganization [ECF No. 97]

(the "Plan"); and upon the motion dated April 16, 2026 [ECF No. 101] (the "April 16 Motion," and,

together with the April 14 Motion, the "Motions") of the Debtor seeking to shorten notice to conduct

the Combined Hearing; and it appearing that a Combined Hearing is in the best interests of the Debtor;

and after due deliberation, good and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the Motions are **APPROVED** as set forth herein and the Disclosure

Statement is conditionally approved as adequate; and it is further

**ORDERED**, that pursuant to Fed. R. Bankr. P. 9006(c) and Local Bankruptcy Rule 9006-

1 and 9077-1, the notice period for the Combined Hearing is hereby shortened from 28 days to 25

days; and it is further

**ORDERED**, that pursuant to Paragraph (d)(iv) of the *Guidelines for Combined Disclosure

Statement and Plan, Combined Hearings on Approval of Disclosure Statement and Confirmation*

*of Plan, and Conditional Approval of Disclosure Statement* promulgated under General Order M-634 (the "Guidelines"), the time period under Paragraph (d)(ii) is hereby shortened on the grounds of clear party-in-interest consensus;

**ORDERED, that pursuant to Paragraph (f) of the Guidelines, (i) the Court has only conditionally approved the Disclosure Statement, subject to notice and a hearing on the Debtor's request for final approval thereof, and such conditional approval is subject to the right of any party in interest to timely object to final approval of the Disclosure Statement and/or confirmation of the Plan; (ii) the Court's denial of final approval of the Disclosure Statement may result in the invalidation of the solicitation of ballots submitted prior to such denial; and (iii) by such conditional approval, the Court has not determined whether the Disclosure Statement should be approved on a final basis or whether the Plan to which it relates should be confirmed**; and it is further

**ORDERED**, that the Combined Hearing to consider approval of the adequacy of the Disclosure Statement on a final basis and confirmation of the Plan shall be held before the Hon. Phillip Bentley in the United States Bankruptcy Court for the Southern District of New York, Courtroom 601, One Bowling Green, New York, New York 10004 on **May 12, 2026 at 2:00 p.m**.; and it is further

**ORDERED**, that notice of the Combined Hearing shall be sufficient if a copy of this Order, the Disclosure Statement, and the Plan, together with a ballot substantially complying with Official Bankruptcy Form 314 are sent on or before **April 17, 2026**, to the Office of the US Trustee, all known creditors, and all parties in interest who have filed a notice of appearance (i) by email to the extent email addresses are known to the Debtor; or (ii) by regular mail; and it is further

**ORDERED**, that objections, if any, to approval of the adequacy of the Disclosure Statement on a final basis and/or confirmation of the Plan shall be filed with the Clerk of the Bankruptcy Court through the Bankruptcy Court's electronic case filing system on or before **May 7, 2026 at 12 p.m.** (the "Objection Deadline")[1]; and it is further

**ORDERED**, that all objections to the Plan or the Disclosure Statement shall (i) be in writing; (ii) state with particularity the legal and factual basis for such objection, and in the case of an objection to the approval of the adequacy of the Disclosure Statement, provide the specific text of the additional disclosures that the objecting party believes to be appropriate; (iii) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtor; and (iv) be served via email on counsel to the Debtor and counsel to JPMorgan Chase Bank N.A. ("JPMC") (tfoudy@mofo.com and mrussell@mofo.com); and it is further

**ORDERED**, that the Debtor's reply brief, if any, to any objections received by the Objection Deadline to the final approval of the adequacy of the Disclosure Statement and/or confirmation of the Plan, if any, shall be filed with this Court on the ECF system, and served upon the objector(s) on or before **May 11, 2026 at 10 a.m.**; and it is further

**ORDERED**, that completed ballots must be submitted by email, regular mail or overnight delivery (for the avoidance of doubt, with any one delivery method being satisfactory) so as to be actually received no later than **May 6, 2026** (the "Voting Deadline") at:

>  Goldberg Weprin Finkel Goldstein LLP
>  Attn: Kevin J. Nash, Esq.

---

[1] For the avoidance of doubt, by the filing of the Notice of Successful Bidder following the Auction, the Debtor will also set an objection deadline of May 7, 2026 at 12 p.m. by which parties in interest may file supplemental objections solely relating to (i) the conduct of the Auction (if held), (ii) the selection and identity of the Successful Bidder and the terms of the Successful Bid, or (iii) the adequate assurance of future performance under any executory contracts or unexpired leases assumed and assigned to the Successful Bidder. Defined terms used in this footnote but not otherwise defined shall have the meanings ascribed to such terms in ECF No. 36.

125 Park Avenue, 12th Floor
New York, NY 10017
KNash@GWFGLaw.com

and it is further

**ORDERED**, that the Debtor shall file a ballot tabulation and certification of acceptance and rejection of the Plan, and file a Certification of the Balloting, which shall include the total number of claimants solicited and entitled to vote and the timely and untimely votes received with the Clerk of the Court no later than **May 7, 2026**, as provided in Local Bankruptcy Rule 3018-1; and it is further

**ORDERED**, that in tabulating the ballots, the following procedures shall be utilized: (i) only ballots actually received by the Voting Deadline shall be counted; (ii) failure to return a ballot will not be counted either as a vote for or against the Plan; (iii) improperly completed or late ballots will not be counted; and (iv) any ballot that either indicates both an acceptance and rejection of the Plan or does not indicate an acceptance or rejection will not be counted; and it is further

**ORDERED**, that the Debtor shall file the proposed form of order approving the Disclosure Statement and approving the Plan by no later than **May 1, 2026**;

**ORDERED**, that the Debtor shall file the Plan Supplement by no later than **May 6, 2026**;

**ORDERED**, nothing herein shall be deemed to modify, limit, or waive any rights of JPMC under the *Stipulation and Order (I) Modifying Deadlines Under Bid Procedures Order; and (II) Authorizing Further Interim Use of Cash Collateral and Grant of Adequate Protection to JPMorgan Chase Bank N.A.* [ECF No. 94] (the "Second Cash Collateral Stipulation"). In the event of any conflict between this Order and the Second Cash Collateral Stipulation, the terms and provisions of the Second Cash Collateral Stipulation shall govern and control; and it is further

4

**ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon entry; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, NY
      April 16, 2026


/s/ *Philip Bentley*
      Hon. Philip Bentley
      United States Bankruptcy Judge