UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re:                                                                                              Chapter 11

Mariner's Gate LLC,                                                                  Case No. 25-12819-PB

                                                    Debtor.
----------------------------------------------------------------x

**ORDER CONFIRMING DEBTOR'S AMENDED CHAPTER 11
PLAN OF REORGANIZATION; AND FINALLY APPROVING
THE DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT**[1]

Upon the filing and reading of (i) the Amended Plan of Reorganization [ECF No. 97] (the

"Plan") filed by Mariner's Gate LLC, the above-captioned debtor (the "Debtor"); (ii) the Debtor's

Amended Disclosure Statement [ECF No. 98] (the "Disclosure Statement"); (iii) the Order dated

April 16, 2026 conditionally approving the Disclosure Statement and scheduling a hearing on

May 12, 2026 (hereinafter the "Combined Hearing") to consider final approval of the Disclosure

Statement and confirmation of the Plan [ECF No. 102] (the "Scheduling Order"); (iv) the

Certification of Balloting filed by J. Ted Donovan on May __, 2026 [ECF No. __]

(the "Certification of Balloting"); and (v) Declaration of Kevin J. Nash filed on May __, 2026

[ECF No. __] (the "Nash Declaration"); and the Court being satisfied that the Plan and Disclosure

Statement were transmitted to all creditors and parties-in-interest as shown in the affidavit of

service filed on April 17, 2026 [ECF No. 103]; and based upon the record compiled at the

Combined Hearing held on May 12, 2026, and the proffer made by the Debtor's counsel in support

of confirmation and no objections to confirmation of the Plan having been filed or asserted (or

such objections having been resolved, overruled, or withdrawn prior to or during the Combined

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Plan or the
Disclosure Statement, as applicable.

Hearing); and the Court having determined that the Plan meets the relevant criteria under Section 1129(a) for confirmation, including that the Plan properly provides for the sale of the Debtor's commercial loft office building located at 548 West 28th Street, New York, NY (defined in the Plan as the "Property") at public auction pursuant bid procedures approved by Order dated March 18, 2026 [ECF No. 68] as modified by Order dated April 10, 2026 [ECF No. 94] (the "Bid Procedures Order"); and upon the results of the auction held on May 5, 2026 as stated in the Notice of Auction Results filed on May __, 2026 [ECF No. __] and the Notice of Successful Bidder APA filed on May __, 2026 [ECF No. __]; and by prior motion heard at the Confirmation Hearing and upon separate Order to be entered herein (the "Sale Order"), the Court having approved the sale of the Property to _____ (the "Successful Purchaser"), as having made the highest and best offer at the auction; and good and sufficient cause appearing therefor;

**I.      IT IS HEREBY FOUND, DETERMINED AND CONCLUDED as follows:**

A.      Findings and Conclusions.  The findings and conclusions set forth herein and otherwise contained in the record made at the Combined Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of act constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      Jurisdiction and Venue.  The Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Confirmation of the Plan and approval of the sale of the Property are "core" proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (N), respectively, and this Court has exclusive jurisdiction to determine whether the Plan complies with

the applicable provisions of the Bankruptcy Code.  Venue is proper in this district under 27 U.S.C. §§ 1408 and 1409.

C.      Plan Solicitation and Notice.  As evidenced by the affidavit of service [ECF No. 103] and Certification of Balloting, the solicitation packages containing the Scheduling Order, Plan, Disclosure Statement, and Ballots were transmitted and served in accordance with the terms of the Scheduling Order upon all creditors and parties-in-interest entitled to notice thereof.  As such, the notice provided by the Debtor was adequate and sufficient pursuant to Sections 1125 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3016, 3017 and 3020, and no further or additional notice or re-solicitation is required.  The filing and notice of the Plan Supplement, if any, was proper and in accordance with the Plan, the Scheduling Order, the Bankruptcy Code, and the Bankruptcy Rules, and no other or further notice shall be required.  The Certification of Balloting is evidence that votes to accept or reject the Plan were tabulated fairly, in good faith, and in a manner consistent with the Scheduling Order, the Plan, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law.

D.      Good Faith Solicitation and Section 1125(e) of the Bankruptcy Code.  The Debtor has solicited acceptances of the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.  The Disclosure Statement contains information of a kind, and in sufficient detail, as far as is reasonably practicable under the circumstances, that would enable a hypothetical reasonable investor to make an informed judgment about the Plan. Accordingly, the Disclosure Statement is approved on a final basis as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code.

E.      Compliance with the Requirements of Section 1129 of the Bankruptcy Code.  The Nash Declaration, together with the proffer made in connection therewith, as well as the totality

of the record compiled throughout the Chapter 11 Case supports the additional Findings of Fact

and Conclusions of Law set forth in the following paragraphs establishing grounds to approve the

Plan and implement the transactions contemplated therein, including the sale of the Property as

more particularly addressed herein:

i.      Section 1129(a)(1) of the Bankruptcy Code. The Plan complies with the applicable provision of the Bankruptcy Code relating to the sale of the Property free and clear of all Liens, Claims and interests;

ii.      Section 1129(a)(2) of the Bankruptcy Code. The Debtor has complied with the applicable provisions of the Bankruptcy Code;

iii.      Section 1129(a)(3) of the Bankruptcy Code. The Plan has been proposed in good faith, and the Plan is the result of arm's length negotiations between the Debtor and its senior lender, JPMorgan Chase Bank, N.A. ("Chase");

iv.      Section 1129(a)(4) of the Bankruptcy Code. All payments to be made for professional fees and expenses remain subject to approval by the Court pursuant to the applicable provisions in the Bankruptcy Code;

v.      Section 1129(a)(5) of the Bankruptcy Code. Sufficient disclosures have been made regarding the post-confirmation management of the Debtor and the appointment of Debtor's counsel, Goldberg Weprin Finkel Goldstein LLP as Disbursing Agent;

vi.      Section 1129(a)(6) of the Bankruptcy Code. Section 1129(a)(6) of the Bankruptcy Code is not applicable. The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency;

vii.      Section 1129(a)(7) of the Bankruptcy Code. The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code because it is predicated upon the sale of the Debtor's primary asset, the Property. In fact, if the Property was liquidated by a Chapter 7 trustee, there would be less funds available to pay pre-petition creditors in light of the additional costs of administering the Chapter 7 case;

viii.      Section 1129(a)(8) of the Bankruptcy Code. The Plan addresses the Claims against and the Equity Interests in the Debtor. As reflected in the Certification of Balloting, [Chase voted its Class 1 Claim in favor of acceptance of the Plan and W Financial REIT Ltd. ("W Financial") voted

its Class 2 Claim in favor of acceptance of the Plan, and Class 3 General Unsecured Creditors voted in favor of acceptance of the Plan][2];

ix.   Section 1129(a)(9) of the Bankruptcy Code. The Plan provides for the proper treatment of Administrative Expense and Priority Claims;

x.   Section 1129(a)(10) of the Bankruptcy Code. Section 1129(a)(10) of the Bankruptcy Code has been satisfied because [Class 1 claim and Class 2 voted in favor of the Plan, which means more than one, non-insider impaired class of claims has voted to accept the Plan][3];

xi.   Section 1129(a)(11) of the Bankruptcy Code. The Plan satisfies Section 1129(a)(11) in that, as a plan of liquidation for the Debtor, confirmation of the Plan is not likely to be followed by a need for any further reorganization or liquidation. Moreover, the sale contemplated by the Plan is feasible, based upon the financial wherewithal of the Successful Bidder to close the sale;

xii.   Section 1129(a)(12) of the Bankruptcy Code. All fees due and payable under 28 U.S.C. § 1930 have been paid or will be paid under the Plan;

xiii.   Section 1129(a)(13) (14), (15) and (16) of the Bankruptcy Code. Sections 1129(a)(14), (15) and (16) of the Bankruptcy Code are not applicable to the Debtor's Chapter 11 Case; and

xiv.   Section 1129 (a) or (b) of the Bankruptcy Code. The Plan satisfies all elements under Section 1129(a) of the Bankruptcy Code. [The following to be insert as necessary if no Class 3 votes as received: To the extent required, the Plan also satisfies the requirements of Section 1129(b)(1) of the Bankruptcy Code, which permits confirmation of a plan if it "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1129(b)(1). That section potentially applies to Class 3, since no votes were cast by members of that Class. For the following reasons, the Court finds and concludes that the Plan satisfies the cramdown requirements under Section 1129(b)(1) of the Bankruptcy Code with respect to Class 3 Claims and Class 4 Equity Interests. Section 1129(b)(2)(B) states that, as to the members of a class of unsecured claims, a plan satisfies the "fair and equitable" requirement if the plan provides that "the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property…" Section 1129(b)(2)(B)(ii). As this is a plan of liquidation, and Class 4 Equity Interests will receive no distribution until all allowed Class 3 Claims have been satisfied, the Plan satisfies Section 1129(b)(2)(B)(ii) of the Bankruptcy Code with respect to Class 3 Claims since no creditor or equity

[2] Subject to actual voting outcomes.
[3] Subject to actual voting outcomes.

holder having a Claim junior in priority to Class 3 will retain or receive anything under the Plan. Similarly, the Plan satisfies Section 1129(b)(2)(C)(ii) of the Bankruptcy Code with respect to Class 4 Interests because "the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property." *Id.* Therefore, the Plan satisfies Section 1129(b)(1) of the Bankruptcy Code by way of its treatment of Class 3 Unsecured Claims and Class 4 Equity Interests.][4]

F.     Plan Documents and the Sale Process Materials.  The terms of the Plan, including, without limitation, the Plan Supplement, and all exhibits and schedules thereto, and all other documents filed in connection with the Plan and the Sale, including the Bid Procedures Order and the Successful Purchaser APA, or executed or to be executed in connection with the transactions contemplated by this Order, the Plan, and the Plan Supplement, and all amendments and modifications of any of the foregoing made pursuant to the provisions of the Plan governing such amendments and modifications are incorporated by reference, are approved in all respects, and constitute an integral part of this Order.

G.     Satisfaction of Plan Confirmation Requirements.  Based upon the foregoing, and all other pleadings and evidence proffered or adduced at or prior to the Combined Hearing, the Plan satisfies all of the requirements for confirmation because all of the requirements under Sections 1129(a) or 1129(b), as applicable.

## II.     Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

A.     Final Approval of the Disclosure Statement and Confirmation of Plan

1.     The Disclosure Statement is APPROVED on a final and unconditional basis.

2.     The Plan and each of its provisions (including any Plan modifications and the Plan Supplement) is CONFIRMED pursuant to Section 1129(a) or Section 1129(b) of the

---

[4] Subject to actual voting outcomes.

Bankruptcy Code without the need to describe, include, or refer to any particular article, section, or provision of the Plan or Plan Supplement, as applicable.  To the extent there is any conflict between the terms of the Plan and the terms of this Order, the terms of this Order shall control.

B.      The Sale of the Property.

3.      The findings of fact and conclusions of law set forth in the Sale Order are incorporated herein by reference in their entirety and shall govern the sale of the Property to the Successful Purchaser, consistent with the Successful Purchaser's APA and any related agreements. The findings of fact and conclusions of law set forth in the Sale Order are incorporated into this Order by reference and shall have full force and effect as set forth herein in full, notwithstanding anything to the contrary herein.

4.      All transactions implemented in connection with, and contemplated by, the Plan are hereby approved in their entirety.

5.      The Debtor is authorized to close the sale transaction pursuant to the terms of the Sale Order, the Successful Purchaser's APA, and this Order in furtherance of the Plan free and clear of all liens, claims, taxes and interests.

6.      Pursuant to the Sale Order: (i) the sale of the Property to the Successful Purchaser has been and is being undertaken by the Debtor and the Successful Purchaser at arm's-length without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy; (ii) the Successful Purchaser received a designation as a good faith purchaser pursuant to Section 363(m) of the Bankruptcy Code; and (iii) neither the Debtor nor the Successful Purchaser engaged in any conduct that would cause or permit the consummation of the sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

C.    Exemption from Transfer Taxes.

7.    This Order is and shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, and local officials, and all other persons and entities who may be required by operation of law to accept, file, register, or otherwise record or release any document or instrument necessary to transfer real property.  The Sale of the Property to the Successful Purchaser pursuant to this Order, the Plan, and the Sale Order qualifies for the transfer tax exemption under Section 1146(a) of the Bankruptcy Code.  To the fullest extent permitted by Section 1146(a) of the Bankruptcy Code and pursuant thereto, the sale and transfer of the Property to the Successful Purchaser in furtherance of the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sale or use tax, mortgage recording tax, or other similar tax or governmental assessment, including, without limitation any New York City (RPT) and New York State (TP 584) taxes (collectively, the "Transfer Taxes").  Specifically, (a) the issuance, distribution, transfer, or exchange of any debt, securities, or other interest in the Debtor; (b) the creation, modification, consolidation, or recording of any mortgage, deed of trust or other security interest, or the securing of additional indebtedness by such or other means; (c) the making, assignment, or recording of any lease or sublease; or (d) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, this Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to this Plan, shall not be subject to any Transfer Taxes.  Unless the Court specifically orders otherwise, all sales, transfers, and assignments of owned and leased property approved by the Court on or before the Effective Date to the Successful Bidder shall be deemed to have been in furtherance of, or in connection with, this Plan

8.	Accordingly, all filing and/or recording officers (or any other person or entity with authority over any of the foregoing), wherever located and by whomever appointed, including, the City Register, New York County, shall comply with requirements of section 1146(a) of the Bankruptcy Code and shall forego the collection of any such Transfer Taxes and accept for filing and recordation this Order and/or any deed to the Property, together with any other instruments or other documents without payment of any Transfer Taxes becoming due or payable in connection therewith. The Court shall retain jurisdiction with respect to these matters.

D.	Disbursing Agent.

9.	The appointment of Debtor's counsel, Goldberg Weprin Finkel Goldstein LLP, as Disbursing Agent pursuant to the Plan is hereby approved. The Disbursing Agent is deemed the post-confirmation representative of the Debtor's estate, and shall have all rights and duties associated therewith, including the due authority as needed to execute (i) the deed and conveyancing documents to the Successful Purchaser; and (ii) make distributions to creditors as provided in the Plan; *provided*, that, if there are Sale Proceeds, distributions to Chase on account of its Class 1 Allowed Secured Claim from shall be paid in cash from such Sale Proceeds at the closing of the Sale. The Disbursing Agent shall not be required to post a bond.

E.	Effects of Confirmation; Effectiveness, Successors, and Assigns.

10.	Subject to the occurrence of the Plan's Effective Date, and pursuant to Section 1141(a) of the Bankruptcy Code and notwithstanding Bankruptcy Rules 3020(e) and 7062 or any otherwise applicable law, any stays provided for under Bankruptcy Rules 3020(e) and 6004(h) shall be deemed waived. All liabilities described in 11 U.S.C. Section 1141(d)(6) are excluded from discharge.

11.	On the Effective Date, the Plan shall have been deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

12.     This Order and the terms of the Plan shall be effective immediately and enforceable upon entry hereof, and binding on: (i) the Debtor and its estate; (ii) all holders of Claims against the Debtor, whether or not impaired under the Plan, and whether or not, if impaired, such holders accepted the Plan; (iii) any other party in interest including any party asserting a lien, claim, or interest in or against the Property; and (iv) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

F.      Injunction Against Interference with the Plan and the Property Sale.

13.     Upon entry of the Order, all persons and entities are enjoined and restrained, pursuant to Section 105 of the Bankruptcy Code from taking any action to collect or enforce any Claim directly or indirectly against the Debtor or the Property in any manner inconsistent with the terms contained in the Plan or this Order.

I.      Post-Confirmation Matters.

14.     Following the Effective Date of the Plan, the Debtor shall file with the Court quarterly post-confirmation status and disbursement reports, with such reports to be filed (i) each quarter, by the 20th day after the conclusion of the relevant reporting quarter, (ii) utilizing forms promulgated in compliance with 28 CFR § 58.8, and (iii) until the entry of a final decree closing this case, conversion of the case to Chapter 7, or dismissal, whichever happens earlier.

15.     The Debtor shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. §1930, plus all applicable interest thereon, until a final decree is entered closing the Chapter 11 Case or until the dismissal or conversion of this case, whichever happens earlier.

J.      Retention of Jurisdiction.

16.      The Court may retain post-confirmation jurisdiction over all matters arising out of, or related to, the Chapter 11 Case as expressly set forth under the Plan.  Without limiting the generality of the foregoing, this Court retains exclusive jurisdiction to interpret, implement, and enforce the terms and provisions of, and to resolve any and all disputes that may arise under or in connection with the Sale Order or this Order, rule on professional fee applications and enter a final decree closing this case.

K.      Cooperation.

17.      The Debtor is hereby authorized to take, and shall take, any and all actions and execute and deliver any and all instruments and documents that requested by the Successful Purchaser or otherwise necessary and appropriate to effect and consummate the Plan and carry out this Order.

L.      Notice of Effective Date.

18.      The Debtor shall file with the Court a notice of the occurrence of the Effective Date of the Plan within five (5) Business Days of the occurrence thereof.  The Notice of the Effective Date shall clearly set forth the Administrative Claims Bar Date, the Rejection Damages Claims Bar Date, and the deadline for filing Professional Fee Claims, which shall be no later than (30) days after the Effective Date in accordance with Section 2.2 of the Plan.

M.      Professional Fees.

19.      No estate professionals shall be paid from sale proceeds or estate funds without having first obtained approval from the Court for their retention and compensation.

N.       Final Decree.

20.     Within 14 days following the full administration of the estate, but not later than 18 months following the entry of the order confirming a plan, the Debtor shall file, on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

Dated: New York, NY
           May __, 2026

_____
Hon. Philip Bentley