**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:                                                    )        Chapter 11
                                                          )
    Mariner's Gate, LLC,                          )        Case No. 25-12819 (PB)
                                                          )
                  Debtor.       )        Re: ECF No. 36, 68
-------------------------------------------------------------x

## ORDER APPROVING SALE OF PROPERTY

Upon the motion [ECF No. 36] (the "Motion") of Mariner's Gate LLC (the "Debtor") for approval of the sale (the "Sale") of the Debtor's commercial loft office building located at 548 West 28th Street, New York, NY (the "Property") to JPMorgan Chase Bank, N.A. (together with its successors and assigns, the "Purchaser") pursuant to that certain purchase and sale agreement (together with the schedules and/or exhibits thereto and all related documents, as may be amended, supplemented or otherwise modified from time to time after the date hereof in accordance with this Order, the "APA")[1] filed on the docket of this Court on May 6, 2026 [ECF No. 111-1]; and upon the hearing held on May 12, 2026 and all prior pleadings and hearings held in this case; and the Court having rendered a bench ruling (the "Bench Ruling") at the hearing held on May 12, 2026; and good cause appearing therefor,

**NOW, THEREFORE, FOR THE REASONS STATED IN THE BENCH RULING, IT IS HEREBY**:

**ORDERED**, that the Motion is hereby granted to the extent set forth herein; and it is further

**ORDERED**, that the Sale contemplated by the APA is hereby **APPROVED**; and it is further

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the APA.

1

**ORDERED**, that the APA be, and hereby is, deemed assumed by the Debtor; and it is further

**ORDERED**, that the Debtor is authorized to sell, transfer, and convey the Property to the Purchaser for the purchase price of $38,200,000.00 in the form of a credit bid free and clear of all liens, claims, encumbrances, and interests, except as expressly set forth in the APA, with all such liens, claims, encumbrances, and interests to attach to the proceeds of the Sale; and it is further

**ORDERED**, pursuant to section 13.4 of the APA, the Purchaser shall have the right to assign its rights and delegate its duties to its controlled affiliate, MW Tolero Holding Corp., and upon such assignment, such affiliate shall have all of the rights and assumed all obligations of the Purchaser under the APA and this Order, and JPMorgan Chase Bank, N.A. shall not be liable for any liabilities or obligations under the APA and this Order; and it is further

**ORDERED**, that the Debtor's executory contracts set forth on <u>Schedule I</u> of the APA and the Debtor's leases set forth on <u>Schedule II</u> to the APA be, and they hereby are, in each case, deemed assumed and assigned to the Purchaser at the closing of the Sale, subject to the Purchaser's ability to modify such schedules in accordance with the APA, and the Debtor and the Purchaser have met the requirements of section 365(b) of the Bankruptcy Code with respect to the assumption and assignment of each lease; and it is further

**ORDERED**, that the Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protection of section 363(m) of the Bankruptcy Code or similar provision of law; and it is further

**ORDERED**, that the Purchaser is not and shall not be (a) deemed a "successor" in any respect to the Debtor or estate as a result of the consummation of the Sale or any other event

2

occurring in the Debtor's chapter 11 case under any theory of law or equity; (b) deemed to have, *de facto* or otherwise, merged or consolidated with or into the Debtor or its estate; (c) deemed to be an alter ego of or have a common identity with the Debtor; (d) deemed to have a continuity of enterprise with the Debtor; (e) be liable for any acts or omissions of the Debtor in connection with the conduct of the Debtor's business, or arising under or related to the Property, except as expressly provided in the APA; or (f) deemed to be a continuation or substantial continuation of the Debtor or any enterprise of any of the Debtor, including (with respect to clause (a) through (f) of this paragraph) within the meaning of any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, environmental, products liability or other law, doctrine rule or regulation (including any filing requirements under any such laws, rules or regulations) with respect to the Debtor's liability under such law, doctrine, rule or regulation; and it is further

**ORDERED**, that at the closing of the Sale, the Debtor be, and hereby is, authorized to (a) execute and deliver such documents as may be necessary to close the Sale of the Property to the Purchaser as set forth in the APA; (b) turn over to the Purchaser the Property, and all books, records, files, and other documents relating to the Property; and (c) take any and all actions necessary to consummate, implement, and fully close the transactions contemplated by the APA; and it is further

**ORDERED**, the automatic stay pursuant to section 362 of the Bankruptcy Code is hereby modified to the extent necessary, without further order of the Court, to allow the Purchaser to deliver any notice provided for in the APA and to take any and all actions permitted or required under the APA for purposes of closing the Sale in accordance with the terms and conditions thereof; and it is further

**ORDERED**, that the Debtor be, and hereby is, authorized and directed to execute, in the name of any necessary party, to the extent such necessary party fails to do so itself, any transfer documents, notice of satisfaction, release or discharge of any lien, claim, encumbrance, or interest not expressly preserved in the APA, and to deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation; and it is further

**ORDERED**, that the New York County Clerk is hereby authorized and directed to record the necessary deeds and all other documents as so executed; and it is further

**ORDERED**, Jim Pastreich and all other Insiders shall vacate the Property on or before the Effective Date and shall cooperate with the Debtor and the Purchaser in the orderly turnover of the premises, including, without limitation, surrendering all keys, access cards, security codes, records, and other property of the Debtor relating to the Property; and it is further

**ORDERED**, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any lien, claim or encumbrance not expressly preserved by the Plan; and it is further

**ORDERED**, that the APA and any related documents may be amended, supplemented or otherwise modified by the parties thereto and in accordance with the terms thereof, including extensions of any dates or deadlines, without further action or order of the Court; provided, that, any such amendment, supplement or modification shall not have a material adverse effect on the Debtor's estate; and it is further

4

**ORDERED**, that the failure to include any particular provision of the APA in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA be authorized and approved in its entirety; and it is further

**ORDERED**, that within three (3) days after closing, the Debtor shall file a notice of closing on the docket of this case, with notice to the United States Trustee; and it is further

**ORDERED**, that this Court hereby retains exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the Order; and it is further

**ORDERED**, this Order shall be binding in all respects upon the Debtor, its estate, all creditors of, and holders of equity interests in, the Debtor, any holders of encumbrances or other interests in, against, or on all or any portion of the Property (whether known or unknown), the Purchaser, the Property, and any trustees, if any, subsequently appointed in this Chapter 11 case or upon a conversion of this Chapter 11 case to chapter 7 of the Bankruptcy Code; and it is further

**ORDERED**, that this Order shall not be stayed under Bankruptcy Rule 6004(h).

Dated: May 12, 2026
      New York, New York

/s/ *Philip Bentley*
Honorable Philip Bentley
United States Bankruptcy Judge