**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
In re:                                                          )          Chapter 11
                                                                )
     Mariner's Gate, LLC                              )          Case No. 25-12819 (PB)
                                                                )
                                               Debtor.          )          Re: ECF No. 97, 102
-----------------------------------------------------------x

### ORDER CONFIRMING DEBTOR'S AMENDED CHAPTER 11 LIQUIDATING PLAN; AND FINALLY APPROVING THE DEBTOR'S AMENDED DISCLOSURE STATEMENT[1]

Upon the filing and reading of (i) the *Amended Chapter 11 Liquidating Plan* [ECF No. 97] (the "Plan") filed by Mariner's Gate LLC, the above-captioned debtor (the "Debtor"); (ii) the Debtor's *Amended Disclosure Statement* [ECF No. 98] (the "Disclosure Statement"); (iii) the Order dated April 16, 2026 conditionally approving the Disclosure Statement and scheduling a hearing on May 12, 2026 (hereinafter the "Combined Hearing") to consider final approval of the Disclosure Statement and confirmation of the Plan [ECF No. 102] (the "Scheduling Order"); (iv) the *Certification of Balloting* filed by J. Ted Donovan on May 7, 2026 [ECF No. 112] (the "Certification of Balloting"); and (v) the *Declaration of Kevin J. Nash* filed on May 11, 2026 [ECF No. 114] (the "Nash Declaration"); and the Court being satisfied that the Plan and Disclosure Statement were transmitted to all creditors and parties-in-interest as shown in the affidavit of service filed on April 17, 2026 [ECF No. 103]; and based upon the record compiled at the Combined Hearing held on May 12, 2026, and the proffer made by Debtor's counsel in support of confirmation and no objections to confirmation of the Plan having been filed or asserted; and the Court having determined that the Plan meets the relevant criteria under Section 1129(b) for confirmation, including that the Plan properly provides for the sale of the Debtor's commercial

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Plan or the Disclosure Statement, as applicable.

loft office building located at 548 West 28th Street, New York, NY (the "Property") at public

auction pursuant to bid procedures approved by Order dated March 18, 2026 [ECF No. 68] as

modified by Order dated April 10, 2026 [ECF No. 94] (the "Bid Procedures Order"); and upon the

results of the auction held on May 5, 2026 as stated in the *Notice of Auction Results* filed on May

5, 2026 [ECF No. 109]; and upon the *Sale Motion* for the Property [ECF No. 36] (the "Sale

Motion") being heard at the Combined Hearing; and upon the separate Order to be entered

approving the sale of the Property (the "Sale Order") to JPMorgan Chase Bank N.A. or its designee

(the "Successful Purchaser"), as having made the highest and best offer at the auction; and upon

the bench ruling rendered by the Court at the Combined Hearing; and good and sufficient cause

appearing therefor;

**I.      IT IS HEREBY FOUND, DETERMINED AND CONCLUDED as follows:**

A.      Jurisdiction and Venue.  The Court has jurisdiction over the Chapter 11 Case

pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Confirmation of the Plan and approval of the sale of

the Property are "core" proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (N),

respectively, and this Court has exclusive jurisdiction to determine whether the Plan complies with

the applicable provisions of the Bankruptcy Code.  Venue is proper in this district under 27 U.S.C.

§§ 1408 and 1409.

B.      Plan Solicitation and Notice.  As evidenced by the affidavit of service [ECF No.

103] and Certification of Balloting, the solicitation packages containing the Scheduling Order,

Plan, Disclosure Statement, and Ballots were transmitted and served in accordance with the terms

of the Scheduling Order upon all creditors and parties-in-interest entitled to notice thereof.  As

such, the notice provided by the Debtor was adequate and sufficient pursuant to 11 U.S.C. §§ 1125

and 1128 and Fed. R. Bankr. P. 2002, 3016, 3017 and 3020, and no further or additional notice or

re-solicitation is required.  The Certification of Balloting is evidence that votes to accept or reject the Plan were tabulated fairly, in good faith, and in a manner consistent with the Scheduling Order, the Plan, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law.

C.     Satisfaction of Plan Confirmation Requirements.  Based upon the foregoing, and all other pleadings and evidence proffered or adduced at or prior to the Combined Hearing, the Plan satisfies all of the requirements for confirmation including the requirements under 11 U.S.C. §1129(b).

**Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:**

A.     Final Approval of the Disclosure Statement and Confirmation of Plan

1.     The Disclosure Statement is APPROVED on a final and unconditional basis.

2.     The Plan attached hereto as Exhibit "A" is CONFIRMED pursuant to 11 U.S.C. § 1129 (b) of the Bankruptcy Code.

3.     Intentionally Deleted.

4.     The Debtor is authorized to close the sale transaction pursuant to the terms of the Sale Order, with the sale of the Property to be free and clear of all liens, claims, taxes and interests.

5.     Pursuant to the Sale Order: (i) the sale of the Property to the Successful Purchaser has been and is being undertaken by the Debtor and the Successful Purchaser at arm's-length without collusion or fraud, and in good faith within the meaning of 11 U.S.C. § 363(m); (ii) the Successful Purchaser received a designation as a good faith purchaser pursuant to 11 U.S.C. § 363(m); and (iii) neither the Debtor nor the Successful Purchaser engaged in any conduct that

would cause or permit the consummation of the sale to be avoided, or costs or damages to be imposed, under 11 U.S.C. § 363(n).

        B.        <u>Exemption from Transfer Taxes</u>.

        6.        This Order is and shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, and local officials, and all other persons and entities who may be required by operation of law to accept, file, register, or otherwise record or release any document or instrument necessary to transfer real property.  The Sale of the Property to the Successful Purchaser pursuant to this Order, the Plan, and the Sale Order qualifies for the transfer tax exemption under 11 U.S.C. § 1146(a).  To the fullest extent permitted by 11 U.S.C. § 1146(a) and pursuant thereto, the sale and transfer of the Property to the Successful Purchaser in furtherance of the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sale or use tax, mortgage recording tax, or other similar tax or governmental assessment, including, without limitation any New York City (RPT) and New York State (TP 584) taxes (collectively, the "<u>Transfer Taxes</u>").  Specifically, (a) the issuance, distribution, transfer, or exchange of any debt, securities, or other interest in the Debtor; (b) the creation, modification, consolidation, or recording of any mortgage, deed of trust or other security interest, or the securing of additional indebtedness by such or other means; (c) the making, assignment, or recording of any lease or sublease; or (d) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, this Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to this Plan, shall not be subject to any Transfer Taxes.  Unless the Court specifically orders otherwise, all sales, transfers, and assignments of owned and leased property approved by the

Court on or before the Effective Date to the Successful Bidder shall be deemed to have been in furtherance of, or in connection with, this Plan

7.      All filing and/or recording officers (or any other person or entity with authority over any of the foregoing), wherever located and by whomever appointed, including, the City Register, New York County, shall comply with requirements of 11 U.S.C. § 1146(a) and shall forego the collection of any such Transfer Taxes and accept for filing and recordation this Order and/or any deed to the Property, together with any other instruments or other documents without payment of any Transfer Taxes becoming due or payable in connection therewith.  The Court shall retain jurisdiction with respect to these matters.

C.      Disbursing Agent.

8.      The appointment of Debtor's counsel, Goldberg Weprin Finkel Goldstein LLP, as Disbursing Agent pursuant to the Plan is hereby approved.  The Disbursing Agent is deemed the post-confirmation representative of the Debtor's estate, and shall have all rights and duties associated therewith, including the due authority as needed to execute (i) the deed and conveyancing documents to the Successful Purchaser; and (ii) make distributions to creditors as provided in the Plan; *provided*, that, if there are Sale Proceeds, distributions to Chase on account of its Class 1 Allowed Secured Claim shall be paid in cash from such Sale Proceeds at the closing of the Sale.  The Disbursing Agent shall not be required to post a bond.

D.      Effects of Confirmation; Effectiveness, Successors, and Assigns.

9.      Subject to the occurrence of the Plan's Effective Date, and pursuant to 11 U.S.C. § 1141(a) of the Bankruptcy Code and notwithstanding Fed. R. Bankr. P. 3020(e) and 7062 or any otherwise applicable law, any stays provided for under Fed. R. Bankr. P. 3020(e) and 6004(h) shall be deemed waived.  All liabilities described in 11 U.S.C. § 1141(d)(6) are excluded from discharge.

10.    On the Effective Date, the Plan shall have been deemed to be substantially consummated under 11 U.S.C. §§ 1101 and 1127.

11.    Pursuant to 11 U.S.C. § 1141, this Order and the terms of the Plan shall be effective immediately and enforceable upon entry hereof, and binding on: (i) the Debtor and its estate; (ii) all holders of Claims against the Debtor, whether or not impaired under the Plan, and whether or not, if impaired, such holders accepted the Plan; (iii) any other party in interest including any party asserting a lien, claim, or interest in or against the Property; and (iv) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

E.    <u>Injunction Against Interference with the Plan and the Property Sale</u>.

12.    Upon entry of the Order, all persons and entities are enjoined and restrained, pursuant to 11 U.S.C. § 105 from taking any action to collect or enforce any Claim directly or indirectly against the Debtor or the Property in any manner inconsistent with the terms contained in the Plan or this Order.

F.    <u>Post-Confirmation Matters</u>.

13.    Following the Effective Date of the Plan, the Debtor shall file with the Court quarterly post-confirmation status and disbursement reports, with such reports to be filed (i) each quarter, by the 20th day after the conclusion of the relevant reporting quarter, (ii) utilizing forms promulgated in compliance with 28 CFR § 58.8, and (iii) until the entry of a final decree closing this case, conversion of the case to Chapter 7, or dismissal, whichever happens earlier.

14.    The Debtor shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until a final decree is entered closing the Chapter 11 Case or until the dismissal or conversion of this case, whichever happens earlier.

G.      Retention of Jurisdiction.

15.     The Court retains post-confirmation jurisdiction over all matters arising out of, or related to, the Chapter 11 Case as expressly set forth under the Plan.  Without limiting the generality of the foregoing, this Court retains exclusive jurisdiction to interpret, implement, and enforce the terms and provisions of, and to resolve any and all disputes that may arise under or in connection with the Sale Order or this Order, rule on professional fee applications and enter a final decree closing this case.

H.      Cooperation.

16.     The Debtor is hereby authorized to take, and shall take, any and all actions and execute and deliver any and all instruments and documents that requested by the Successful Purchaser or otherwise necessary and appropriate to effect and consummate the Plan and carry out this Order.

I.      Notice of Effective Date.

17.     The Debtor shall file with the Court a notice of the occurrence of the Effective Date of the Plan within five (5) Business Days of the occurrence thereof.  The Notice of the Effective Date shall clearly set forth the Administrative Claims Bar Date, the Rejection Damages Claims Bar Date, and the deadline for filing Professional Fee Claims, which shall be no later than (30) days after the Effective Date in accordance with Section 2.2 of the Plan.

J.      Professional Fees.

18.     No estate professionals shall be paid from sale proceeds or estate funds without having first obtained approval from the Court for their retention and compensation.

K.      Final Decree.

19. Within 14 days following the full administration of the estate, but not later than 18 months following the entry of the order confirming a plan, the Debtor shall file, on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Fed. R. Bankr. P. 3022.

L. Hudson Guild.

20. Notwithstanding anything contained herein, in the Plan, the Successful Purchaser's APA, or the Sale Order to the contrary, nothing in this Order or the Sale Order shall constitute, or be deemed to constitute: (i) approval of the assumption, assumption and assignment, or rejection of that certain lease by and between the Debtor and Hudson Guild Temp Space LLC (the "Hudson Guild Lease"); (ii) a finding that the Hudson Guild Lease is an executory contract or unexpired lease capable of assumption or assignment under 11 U.S.C. § 365; (iii) a determination regarding any cure amount or alleged default arising under the Hudson Guild Lease, including any monetary or non-monetary defaults; (iv) a modification, impairment, waiver, release, adjudication, or limitation of any rights, obligations, claims, defenses, remedies, objections, or arguments arising under or relating to that certain Stipulation dated February 24, 2026, between the Debtor and Hudson Guild Temp Space LLC (the "Stipulation") by any party, including the Successful Purchaser; (v) a waiver, release, adjudication, impairment, or limitation of any rights, claims, defenses, objections, or arguments of the Debtor, Hudson Guild Temp Space LLC, the Successful Purchaser, or any other party in interest with respect to the Hudson Guild Lease, all of which rights are hereby fully preserved and reserved. For the avoidance of doubt, any assumption, assumption and assignment, or rejection of the Hudson Guild Lease shall occur only pursuant to further order of this Court after notice and opportunity for hearing, which the parties agree, subject to approval by the Court, may be requested on shortened notice.

Dated:  New York, NY
        May 12, 2026

                                           /s/ *Philip Bentley*
                                          Hon. Philip Bentley
                                          United States Bankruptcy Judge